# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 22-cv-02192-NYW

V.V.L.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 USC § 406(b) (the "Motion" or "Motion for Attorney's Fees"). [Doc. 28]. Plaintiff's counsel seeks $13,032 in attorney's fees. [*Id.* at 1]. The Commissioner has filed a Response, but takes no apparent position on the Motion, asking only that the Court "direct that Plaintiff's counsel reimburse Plaintiff any fees she previously received under the Equal Access [to] Justice Act." [Doc. 29 at 3].[2]

Plaintiff V.V.L. ("Plaintiff" or "V.V.L.") appealed to this Court for review of the Commissioner of Social Security's final decision denying her application for Disability

---

[1] The Local Rules of Practice for this District state that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b). Although the Court has already resolved V.V.L.'s appeal on the merits, the Court continues to use only Plaintiff's initials to identify her.

[2] When citing to the Administrative Record, the Court utilizes the docket number assigned by the CM/ECF system and the page number associated with the Administrative Record, which is found in the bottom right-hand corner of the page. For all other documents, the Court cites to the document and page number generated by the CM/ECF system, rather than the page numbers assigned by the Parties.

Insurance Benefits and Supplemental Security Income. *See generally* [Doc. 1]. On August 4, 2023, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *See* [Doc. 23]. On June 26, 2025, the Social Security Administration determined that Plaintiff is entitled to monthly Social Security benefits, retroactive to January 2021. [Doc. 28-1 at 1, 2].

A motion under § 406(b) must be filed within a "reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Here, Plaintiff's Motion was filed on July 2, 2025, just a week after the Social Security Administration's Notice of Award. *See* [Doc. 28; Doc. 28-1 at 1]. Accordingly, the Court finds the Motion is timely. *See Shockley v. Saul*, No. 19-cv-02584-REB, 2021 WL 9217693, at *1 n.2 (D. Colo. May 18, 2021) ("The filing of a motion within three months of the Notice is routinely found acceptable.").

Under § 406, an attorney's fees award may not exceed 25% of the recovered past-due benefits and must also be "reasonable." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "In determining whether a fee amount is reasonable, courts may consider factors such as the character of the representation, the results achieved, whether the benefits recovered are large in comparison to the amount of time spent on the case, and whether the plaintiff's attorney is responsible for delay in the proceedings." *Trujillo v. Bisignano*, No. 17-cv-01590-WJM, 2025 WL 2051737, at *1 (D. Colo. July 22, 2025) (citing *Gisbrecht*, 535 U.S. at 807). A district court has

2

"considerable discretion" in determining the reasonableness of a fee awarded under § 406.  *See Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

Plaintiff was awarded $52,128.00 in past due benefits.  *See* [Doc. 28-1 at 3]. Consistent with the retention agreement, the requested fee does not exceed 25% of the past-due benefits.  [Doc. 28-2].  But "[n]otwithstanding the terms of a contingent fee agreement, a court is obligated to consider whether the fee yielded by the agreement is reasonable."  *Wallace v. Barnhart*, No. 05-cv-01613-MSK, 2008 WL 4681926, at *2 (D. Colo. Oct. 21, 2008).  Plaintiff's counsel represents that he spent 57 total hours on the litigation of this case.  [Doc. 28-3 at 1].  But for one entry, it appears that counsel, David M. Koppa ("Mr. Koppa"), has billed for impermissible administrative tasks.  [*Id.* ("8/26/2022 filing of complaint and motion to waive FF")]; *see Bess v. Kijakazi,* No. 22-cv-00864-REB, 2023 WL 2422205, at *4 (D. Colo. Mar. 6, 2023).  Even excluding the .5 hours attributed to that administrative task, the calculation of the hourly rate amounts to $230.66.  This hourly rate is within the range that is widely considered reasonable in this District.  *See Bumgarner v. Saul*, No. 19-cv-02288-KLM, 2022 WL 1225309, at *2 (D. Colo. Apr. 26, 2022) (collecting cases).  This amount is also consistent with other awards in this District. *See, e.g., Adams v. Colvin*, No. 21-cv-00892-REB, 2025 WL 1805446, at *2 (D. Colo. Jan. 7, 2025) (awarding $12,293.50 for 45.5 hours worked).

The Court also considers the result obtained.  *Gisbrecht*, 535 U.S. at 807.  After this Court's remand of the case in 2023, the Social Security Administration found that V.V.L. became disabled on August 1, 2020.  [Doc. 28-1 at 2].  While this is later than the March 1, 2015 disability onset date that Plaintiff originally claimed in her DIB and SSI applications, *see* [Doc. 8-5 at 319, 321], it still provides V.V.L. with substantial benefits.

3

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Attorney Fees Pursuant to 42 USC § 406(b) [Doc. 28] is **GRANTED**; and

(2) Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is awarded $13,032 in attorney's fees to be paid out of Plaintiff's past-due benefits in accordance with agency policy.[3]

DATED: October 21, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[3] The Court previously awarded $9,200 in EAJA fees. See [Doc. 27]. The EAJA requires that funds awarded under the statute be refunded to the claimant once § 406 fees are paid. See *Gisbrecht*, 535 U.S. at 796.